UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEVE P. THEODOROPOULOS,

    Plaintiff,

v.                                  Case No:  6:12-cv-82-Orl-28TBS

DEPARTMENT OF HOMELAND
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Defendant's Motion to Dismiss.  (Doc. 11).  Upon consideration of the motion and Plaintiff's response (Doc. 15), I respectfully recommend that the motion be **GRANTED.**

### I. Background

Plaintiff Steve P. Theodoropolous' claims arise out of his 2009 termination from the Transportation Security Administration ("TSA"), where he was employed by the Federal Air Marshal Service ("FAMS").  (Doc. 3 ¶¶ 3-4).  On January 20, 2012, Plaintiff filed an action in federal court for the review of a final order rendered by the Merit System Protection Board ("MSPB") upholding that adverse employment action.  (Doc. 1).[2]  On February 27, 2012, Plaintiff filed an Amended Complaint against the Department of Homeland Security ("Defendant") for hostile work environment (Count I), retaliation (Count II), and judicial review (Count III).  (Doc. 3).  He alleges he was subjected to a

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

[2] On January 14, 2010, Plaintiff challenged his removal by filing a mixed case appeal (appealing both adverse employment action and discrimination claims) with the MSPB.  See (Doc. 11 at 14-20).  Plaintiff now seeks review of the decision issued by the MSPB on December 23, 2011.  (Doc. 3 ¶ 14; Doc. 3-1).

hostile work environment, harassment, disparate treatment, discrimination, and retaliation for previously participating as a corroborating witness in an Equal Employment Opportunity ("EEO") complaint against his Proposing Official, Randolph Busch.  (Id. ¶¶ 3, 8).

## II. Discussion

### A.  Hostile Work Environment (Count I)

Ordinarily, a federal employee who alleges a discrimination claim pursuant to Title VII must file the initial complaint with the EEO office that corresponds to his agency. Rodriguez v. United States, No. C08-0210-JCC, 2009 WL 1173938, at *5 (W.D. Wash. April 28, 2009).  However, when a federal employee intends to bring claims for an adverse employment action in addition to the discrimination claim, he may assert both claims before the MSPB as a "mixed-case complaint."  Id.; 5.U.S.C. § 7702.

Once an appeal of an agency's action is filed with the MSPB, an administrative judge is tasked with the responsibility of rendering an initial decision.  5 C.F.R. § 1201.41(b)(15).  The initial decision becomes final 35 days after issuance unless either party petitions the MSPB for review.  5 C.F.R. § 1201.113. "If the petition for review is denied, the employee may either appeal the discrimination claim to the EEOC, or alternatively, appeal the entire case (including all claims) to the appropriate United States District Court." Rodriguez, 2009 WL 1173938, at *5; Kelliher v. Veneman, 313 F.3d 1270, 1274, (11th Cir. 2002) (citing Doyal v. Marsh, 777 F.2d 1526, 1536 (11th Cir. 1985)); 5 U.S.C. § 7703.

"[A] federal employee who elects to file an appeal with the MSPB is required to exhaust her claims in that forum before filing a civil action and cannot assert in federal court discrimination claims that were abandoned before the MSPB[.]"  Browder v. Potter, CIVIL ACTION NO. 2:10cv761-MHT, 2011 WL 1120833, at *5 n.5 (M.D. Ala. Feb. 24,

2011) (citing McAdams v. Reno, 64 F.3d 1137, 1141-42 (8th Cir. 1995)); see also Wilson v. U.S. Dept. of Transp., 759 F. Supp. 2d 55, 63 (D.D.C. 2011).

Here, Defendant argues that dismissal is proper under Federal Rule of Civil Procedure 12(b)(1) because Plaintiff failed to exhaust his administrative remedies before the MSPB. (Doc. 11 at 5). The record evidence demonstrates that Plaintiff did not assert a claim for hostile work environment when he filed the mixed case complaint with the MSPB on January 14, 2010. (Id. 11 at 14-20).[3] Plaintiff appears to have conceded this point in his response to the motion when he stated that he "could only argue the adverse action of removal from service before the MSPB not the mixed case itself . . ." (Doc. 15 at 7). He maintains that he "did in fact attempt to exhaust his EEO claims through the agency's TSA Office of Civil Rights and Liberties" but that "the agency itself did not fully cooperate nor investigate his allegations[.]" (Id. at 4,7). Upon consideration and review, I find that Plaintiff has failed to exhaust his administrative remedies with regards to the hostile work environment claim. Accordingly, I respectfully recommend that Defendant's motion to dismiss Count I be granted and Plaintiff be given an opportunity to amend his claim in accordance with Federal Rule of Civil Procedure 8(a)(2).

### B. Retaliation (Count II)

Ordinarily, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not

---

[3] The Court may consider the MSPB filing attached to the motion to dismiss because Plaintiff does not dispute its existence or accuracy and it is central to the issue of whether Plaintiff's claims were preserved for review by this Court. See Ware v. Polk Cnty. Bd. of Cnty. Comm'rs, 394 F. App'x 606, 608(11th Cir. 2010) ("[A] court 'may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed.'") (quoting Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005)).

do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

"While the pleadings of pro se litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." Hopkins v. St. Lucie Cnty. Sch. Bd., 399 F. App'x. 563, 565 (11th Cir. 2010) (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998)); see McNeil v. United States, 508 U.S. 106, 113 (1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

To state a claim for retaliation, a plaintiff must establish "that (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there is some causal relation between the two events." Crawford v. Chao, 158 F. App'x 216, 220 (11th Cir. 2005) (citing Pennington v. City of Huntsville, 261 F.3d 1262, 1266 (11th Cir. 2001)); see also Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1363 (11th Cir. 2007). "The burden of causation can be met by showing close temporal proximity between the statutorily protected activity and the adverse employment action." Thomas, 506 F.3d at 1364. A three to four month delay in between these two events is generally insufficient to establish causation. Id.

In his Amended Complaint, Plaintiff alleges that Defendant retaliated "against him for his prior EEO movement against the FAMS Management . . ." (Doc. 3). Plaintiff's mention of "prior EEO movement" refers to his affidavit and testimony rendered before the EEO in September and March 2006. See (Id. ¶ 11). Plaintiff's adverse employment action occurred three years later in December 2009. (Id.; Doc. 11 at 15). Without any proof to the contrary, such a timespan is too long to claim a causal connection between the events. Plaintiff has failed to demonstrate (through competent evidence) that these

two events share a causal connection; thus Plaintiff has failed to satisfy his burden of establishing the elements necessary to sustain a claim for retaliation.  Because Plaintiff has failed to establish this element, further analysis of the remaining factors is unnecessary.   I respectfully recommend that Defendant's motion to dismiss Count II be granted and Plaintiff be given an opportunity to amend his claim.

I also agree with Defendant that many of Plaintiff's allegations in Count II appear to challenge the MSPB decision.  I find that these allegations fail to allege any nexus with the 2006 EEO activity.  (Doc. 11 at 9).  Therefore, I also respectfully recommend that the motion to dismiss Count II be granted and the amended complaint be dismissed without prejudice on this alternative ground.

### C.  Judicial Review (Count III)

Title 5, United States Code, Section 7703 provides for judicial review of a MSPB decision.  A MSPB decision to uphold a plaintiff's adverse employment action will be overturned if the federal court finds it to be "(1), arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." Baker v. Sec'y, United States DOT, 452 F. App'x 934, 937 (11th Cir. 2012) (citing Kelliher, 313 F.3d at 1274 and 5 U.S.C. § 7703(c)); Martinez v. Shinseki, No. 2:09-cv-1354-RLH, 2010 WL 2953935, at *4 (D. Nev. July 26, 2010).

Plaintiff seeks judicial review of the MSPB's final decision upholding the 2009 adverse employment action.[4] Defendant maintains that this claim should be dismissed because Plaintiff failed to establish that "the Board's final action is not supported by substantial evidence" or that the decision "was an abuse of discretion."  (Doc. 11 at 9).  In

---

[4] This claim is not subject to de novo standard of review because it relates to the MSPB's decision to uphold the adverse employment action and does not include the hostile work environment claim, Accordingly, it is reviewed "on the record." Kelliher, 313 F.3d at 1274-75.

- 5 -

the Amended Complaint, Plaintiff alleges witness tampering and some other due process related offenses instead of providing facts or explanation to support his conclusion.  (Doc. 3 at 3-6).[5]  See Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555) (A pleading that offers mere conclusions is insufficient to establish a cause of action.). Upon due consideration, I find that Plaintiff has failed to state a claim for judicial review.  Accordingly, I respectfully recommend that the motion to dismiss Count III be granted.[6]

### III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that Defendant's Motion to Dismiss (Doc. 11) be **GRANTED**.  I further recommend that the Amended Complaint (Doc. 3) be **DISMISSED WITHOUT PREJUDICE** and Plaintiff be given the opportunity to amend.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on November 30, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Plaintiff

---

[5] Plaintiff's response to the motion is silent on this issue.  (Doc. 15).

[6] In addition, although not argued by Defendant, the Amended Complaint is an impermissible shotgun pleading that contains footnotes, undefined acronyms, references to attorney and fees, as well as other nomenclature not known to the Court.  These facts alone support dismissal.