UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEVE P. THEODOROPOULOS,

      Plaintiff,

v.                                        Case No:  6:12-cv-82-Orl-28TBS

DEPARTMENT OF HOMELAND
SECURITY,

      Defendant.

_____

## REPORT AND RECOMMENDATION[1]

      Pending before the Court is Defendant's Motion to Dismiss, or, alternatively, Motion for Summary Judgment.  (Doc. 23).  Upon consideration of the motion, Plaintiff's response (Doc. 28), and Defendant's reply (Doc. 34), I respectfully recommend that the motion be **granted in part and denied in part.**

### I.  Background

#### A.  Procedural History

      Plaintiff Steve P. Theodoropolous' claims arise out of his 2009 termination from the Transportation Security Administration ("TSA"), where he was employed by the Federal Air Marshal Service ("FAMS").  (Doc. 3 ¶¶ 3-4).  On January 20, 2012, Plaintiff filed an action in federal court for the review of a final order rendered by the Merit System Protection Board ("MSPB") upholding that adverse employment action.  (Doc. 1).[2]  On

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

[2] On January 14, 2010, Plaintiff challenged his removal by filing a mixed case

February 27, 2012, Plaintiff filed an Amended Complaint against the Department of Homeland Security ("Defendant") claiming hostile work environment (Count I), retaliation (Count II), and judicial review (Count III).  (Doc. 3). He alleges he was subjected to a hostile work environment, harassment, disparate treatment, discrimination, and retaliation for previously participating as a corroborating witness in an Equal Employment Opportunity ("EEO") complaint against his Proposing Official, Randolph Busch.  (Id. ¶¶ 3, 8).  Plaintiff further amended his Complaint on February 11, 2013.  (Doc. 20).

### B.  Undisputed Facts

The following facts are undisputed:[3]

Plaintiff began working as a Federal Air Marshal in July 2002, in the Orlando Field Office, until he terminated on December 17, 2009.  (¶ 1).  On January 14, 2010, he filed a mixed case complaint with the MSPB to challenge his termination.  (¶ 2).  On January 28, 2010, he contacted an EEO counselor to complain about discrimination in connection with his termination.  (¶ 3). He filed a complaint with the EEO alleging age discrimination and retaliation for prior EEO activity.  (Id.).  A hearing was held on June 15, 2010 before an Administrative Judge at which time all potential witnesses were admonished not to discuss their respective testimony until the hearing had concluded.  (¶ 4).  The Administrative Judge issued an initial decision in the MSPB case on August 6, 2010.  (¶

---

appeal (appealing both adverse employment action and discrimination claims) with the MSPB.  See (Doc. 35 ¶ 2.  Plaintiff now seeks review of the decision issued by the MSPB on December 23, 2011.  (Doc. 20).

[3] Unless otherwise specified, all undisputed facts are taken from the parties' Joint Statement of Undisputed Facts.  (Doc. 35).  The Court has declined to reproduce hearsay contained therein.  See Streeter v. City of Pensacola, 501 F. App'x 882, 884 (11th Cir. 2012) ("[T]he general rule is that hearsay cannot be considered on a motion for summary judgment unless such statements can be reduced to admissible evidence at trial."); Jones v. UPS Ground Freight, 683 F.3d 1283, 1293 (11th Cir. 2012) ("The general rule is that inadmissible hearsay cannot be considered on a motion for summary judgment.").

5).  On October 22, 2010, Plaintiff's counsel filed a petition for review with the full board.

(¶ 7).  Plaintiff filed this federal case on January 20, 2012 and timely filed his Amended

Complaint on February 11, 2013.  (¶ 8).

## II. Standard of Review

### A. Motion to Dismiss

#### 1.  Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides that the Court will dismiss an

action if it lacks subject matter jurisdiction to hear a plaintiff's claims.  See Steel Co. v.

Citizens for a Better Env't., 523 U.S. 83, 94 (1998).  Rule 12(b)(1) attacks are either

"facial" or "factual."  Garcia v. Copenhaver, Bell & Assoc., M.D.'s P.A., 104 F.3d 1256,

1260 (11th Cir. 1997).  "A 'facial attack' on the complaint requires the court merely to look

and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and

the allegations in his complaint are taken as true for the purposes of the motion."

McElmurray v. Consol. Gov't of Augusta-Richmond Cnty., 501 F.3d 1244, 1251 (11th Cir.

2007) (citations and quotations omitted).  "Factual attacks," on the other hand, challenge

whether the Court has the power to hear the case.  Id. (internal citations and quotations

omitted).  When a defendant makes a factual attack under Rule 12(b)(1), the Court does

not presume the truthfulness of the plaintiff's allegations and may weigh the record

evidence (including, testimony, affidavits, and other matters outside the pleadings.  See

Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999); see also Wein v. St. Lucie Co.,

Fla., 461 F.Supp.2d 1261, 1263 (S.D. Fla. 2006).

#### 2.  Rule 12(b)(6)

"A pleading that states a claim for relief must contain . . . a short and plain

statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P.

8(a)(2).  While detailed factual allegations are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id.  In determining the merits of a motion to dismiss, the court must "accept all factual allegations in the complaint as true." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).  But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

### B.  Motion for Summary Judgment

Summary judgment, pursuant to FED. R. CIV. P. 56, is appropriate when the movant can show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fennell v. Gilstrap, 559 F.3d 1212, 1216 (11th Cir. 2009) (citing Welding Servs., Inc. v. Forman, 509 F.3d 1351, 1356 (11th Cir. 2007)). Which facts are material depends on the substantive law applicable to the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The moving party bears the burden of showing that no genuine issue of material fact exists.  Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

Evidence is reviewed in the light most favorable to the non-moving party.  Fennell, 559 F.3d at 1216 (citing Welding Servs., Inc., 509 F.3d at 1356).  A moving party discharges its burden on a motion for summary judgment by showing or pointing out to the court that there is an absence of evidence to support the non-moving party's case.

Denney v. City of Albany, 247 F.3d 1172, 1181 (11th Cir. 2001) (citation omitted).

When a moving party has discharged its burden, the non-moving party must designate specific facts (by its own affidavits, depositions, answers to interrogatories, or admissions on file) that demonstrate there is a genuine issue for trial. Porter v. Ray, 461 F.3d 1315, 1321 (11th Cir. 2006) (citation omitted). The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. Evers v. Gen. Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value."). If material issues of fact exist that would not allow the Court to resolve an issue as a matter of law, the Court must not decide them, but rather, must deny the motion and proceed to trial. Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir. 1999).

### III. Discussion

#### A. Hostile Work Environment (Count I)

Ordinarily, a federal employee who alleges a discrimination claim pursuant to Title VII must file the initial complaint with the EEO office that corresponds to his agency. Rodriguez v. United States, No. C08-0210-JCC, 2009 WL 1173938, at *5 (W.D. Wash. April 28, 2009). However, when a federal employee intends to bring claims for an adverse employment action in addition to a discrimination claim, he may assert both claims before the MSPB as a "mixed-case complaint." Id.; 5 U.S.C. § 7702.

Once an appeal of an agency's action is filed with the MSPB, an administrative judge is tasked with the responsibility of rendering an initial decision. 5 C.F.R. § 1201.41(b)(15). The initial decision becomes final 35 days after issuance unless either party petitions the MSPB for review. 5 C.F.R. § 1201.113. "If the petition for review is denied, the employee may either appeal the discrimination claim to the EEOC, or

alternatively, appeal the entire case (including all claims) to the appropriate United States District Court." Rodriguez, 2009 WL 1173938, at *5; Kelliher v. Veneman, 313 F.3d 1270, 1274 (11th Cir. 2002) (citing Doyal v. Marsh, 777 F.2d 1526, 1536 (11th Cir. 1985)); 5 U.S.C. § 7703.

"[A] federal employee who elects to file an appeal with the MSPB is required to exhaust her claims in that forum before filing a civil action and cannot assert in federal court discrimination claims that were abandoned before the MSPB[.]" Browder v. Potter, CIVIL ACTION NO. 2:10cv761-MHT, 2011 WL 1120833, at *5 n.5 (M.D. Ala. Feb. 24, 2011) (citing McAdams v. Reno, 64 F.3d 1137, 1141-42 (8th Cir. 1995)); see also Wilson v. U.S. Dept. of Transp., 759 F. Supp. 2d 55, 63 (D.D.C. 2011).

Here, Defendant argues that summary judgment is proper because there is no genuine issue of material fact in dispute concerning the nature of Plaintiff's MSPB complaint.  (Doc. 23 at 6-8).  Plaintiff does not rebut Defendant's allegation that he failed to exhaust his administrative remedies.  (Doc. 28 at 7-8).  Instead, Plaintiff argues that TSA's Office of Civil Rights failed to comply with his attempts to investigate his claims, failed to process his "formal EEO claims," and denied him the opportunity to speak to a TSA supervisor or case manager.  (Id. at 8).  Plaintiff also alleges that TSA employee Ed Weaver obstructed his investigation by failing "to deliver[ ] any packages or certified EEO packets to his permanent home of record and/or address so that Plaintiff could continue to exhaust his EEO claims . . ." (Id.).

The record evidence clearly demonstrates that Plaintiff did not assert a claim for hostile work environment when he filed his mixed case complaint with the MSPB on January 14, 2010.  (Doc. 23-1 at 4-9). In describing his claim on the MSPB complaint form, Plaintiff stated that:

> The charges were baseless, this off-duty conduct should not
> have been penalized.  The proposed remark was based upon
> retaliation for prior EEO activity and retaliation for whistle-
> blowing to investigators and in furtherance of the agency
> disciplining only certain labeled employees, and appellant was
> not furnished the proper time to respond.

(Id. at 4-5).  The Administrative Judge's Initial Decision confirms that Plaintiff never raised

a hostile work environment claim.  (Doc. 23-3).  Plaintiff has failed to rebut Defendant's

competent evidence with specific facts (by his own affidavits, depositions, answers to

interrogatories, or admissions on file) that demonstrate there is a genuine issue for trial.

See Porter, 461 F.3d at 1321.  Therefore, I respectfully recommend that Defendant's

motion for summary judgment be **granted** as to Count I.

## B.  Retaliation (Count II)

To state a claim for retaliation, a plaintiff must establish "that (1) he engaged in

statutorily protected expression; (2) he suffered an adverse employment action; and (3)

there is some causal relation between the two events."  Crawford v. Chao, 158 F. App'x

216, 220 (11th Cir. 2005) (citing Pennington v. City of Huntsville, 261 F.3d 1262, 1266

(11th Cir. 2001)); see also  Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1363 (11th

Cir. 2007).  "The burden of causation can be met by showing close temporal proximity

between the statutorily protected activity and the adverse employment action."  Thomas,

506 F.3d at 1364.  A three to four month delay in between these two events is generally

insufficient to establish causation.  Id.

In his Second Amended Complaint, Plaintiff alleges that Defendant retaliated

against him for his prior EEO movement against the FAMS Management. (Doc. 20).

Plaintiff's mention of "prior EEO movement" refers to his affidavit and testimony rendered

before the EEO in September and March 2006.  (Id. at 1-2, 7).  Plaintiff's adverse

employment action occurred three years later in December 2009.  (Id. at 2).

Plaintiff alleges that the numerous incidents that occurred between 2006 and 2009 support his retaliation claim and the causal connection between the EEO activity and the termination.  In support of his argument, he cites to "Exhibit 17-Q," attached to his Amended Complaint.  (Doc. 28 at 9).  The exhibit is a TSA interoffice memorandum from FAM David Powers to the Department of Homeland Security's Inspector General detailing Plaintiff's allegations of retaliation.  (Doc. 20-2 at 13-15).  The memorandum is dated November 16, 2008 and notes "historical discriminatory and retaliatory actions taken by ATSAC Randolph Busch and ASAC (Ret.) Thomas Feeney against FAM Theodoropolous."  (Id. at 14).  The memorandum does not reference Plaintiff's 2006 EEO activity, but the evidence does create a disputed issue of material fact that precludes the entry of summary judgment at this point in time.  Accordingly, I respectfully recommend that Defendant's motion for summary judgment[4] be **denied** as to Count II.

### C.  Judicial Review (Count III)

Title 5, United States Code, Section 7703 provides for judicial review of a MSPB decision.  A MSPB decision to uphold a plaintiff's adverse employment action will be overturned if the federal court finds it to be "(1), arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  Baker v. Sec'y, United States DOT, 452 F. App'x 934, 937 (11th

---

[4] I respectfully recommend that Plaintiff's alternative motion to dismiss be denied, as well.  Plaintiff's averments, if taken as true, are sufficient to survive the dismissal standard.  See Ashcroft, 556 U.S. at 678; Tellabs, 551 U.S. at 322.

Cir. 2012) (citing Kelliher, 313 F.3d at 1274 and 5 U.S.C. § 7703(c)); Martinez v. Shinseki,
No. 2:09-cv-1354-RLH, 2010 WL 2953935, at *4 (D. Nev. July 26, 2010).

In Count III, Plaintiff seeks judicial review of the final action of the MSPB Board
upholding his employment termination.  (Doc, 28 at 15-18).  Plaintiff argues that his due
process rights were violated because Special Agent Robert Flaherty failed to comply with
the Administrative Judge's instruction prohibiting witnesses from discussing their
testimony until the hearing had concluded.  (Doc. 20 at 13-15).  Plaintiff contends that
TSA's counsel had a duty to inform the Administrative Judge of the alleged witness
tampering.  (Id. at 14).  Defendant argues that this Count fails because Plaintiff failed to
raise this concern or "new evidence" with the MSPB Board.  (Doc. 23).

The record evidence shows that Plaintiff was aware of Agent Flaherty's alleged
failure to comply with the Administrative Judge's instruction on December 28, 2010,
almost a year before the full Board issued its final order.  (Doc. 23-4 at 3-7; Doc. 23-6).
The final decision issued by the full board explicitly states that Plaintiff did not present it
with any "new, previously unavailable, evidence" to consider.  (Doc. 23-6 at 5).

Plaintiff has not offered any evidence that he supplemented his petition for review
(or attempted to do so) to present the evidence of witness tampering to the MSPB Board.
Because he failed to do so, this Court is foreclosed from considering the claim.  See Sher
v. U.S. Dept. of Veterans Affairs, No. Civ. 04-182-B-W, 2005 WL 1862413, at *8 (D. Me.
Aug. 4, 2005) (The court determined that Plaintiff's claim for judicial review of the MSPB's
final decision due to the non-production of a videotape was not properly before the court
because Plaintiff failed to "raise [the] issue with the MSPB in the first instance, in a
petition for review of [the] initial decision.") (internal quotation omitted).  Plaintiff has not
presented any competent evidence from which this court may reach a different

conclusion.  Accordingly, I respectfully recommend that Defendant's motion for summary judgment be **granted** as to Count III.

### IV.    Recommendation

Upon consideration of the foregoing, I respectfully recommend that

1.  Defendant's Motion to Dismiss, or, alternatively, Motion for Summary Judgment (Doc. 23) be **GRANTED IN PART AND DENIED IN PART**.

    a.  I recommend that the motion for summary judgment be **GRANTED** as to Counts I and III.

    b.  I recommend that the motion for summary judgment (and alternative motion to dismiss) be **DENIED** as to Count II.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on June 13, 2012.

THOMAS B. SMITH
United States Magistrate Judge


Copies furnished to:

    Presiding United States District Judge
    Pro se Plaintiff
    Counsel of Record