UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEVE P. THEODOROPOULOS,

      Plaintiff,

v.                                      Case No:  6:12-cv-82-Orl-41TBS¶

DEPARTMENT OF HOMELAND
SECURITY,

      Defendant.

_____

## ORDER

Pending before the Court is Defendant's Renewed Motion to Strike Jury Demand. (Doc. 63).   The motion is due to be **granted.**

Plaintiff Steve P. Theodoropolous' claims arise out of his 2009 termination from the Transportation Security Administration ("TSA"), where he was employed by the Federal Air Marshal Service ("FAMS").   (Doc. 47 ¶¶ 1, 4).   On January 20, 2012, he filed this action for review of a final order rendered by the Merit System Protection Board ("MSPB") upholding that adverse employment action.   (Doc. 1).[1]   Plaintiff has amended his complaint three times.   (Doc. 3, 20, 47).   On February 25, 2014, he filed his third amended complaint ("TAC") against the Department of Homeland Security ("Defendant"). (Doc. 47 ¶¶ 32-34).   Plaintiff alleges that he was retaliated against because of his prior participation as a corroborating witness in an Equal Employment Opportunity complaint against his Proposing Official, Randolph Busch.   (Id. ¶¶ 10-22, 28-31).

"Rule 38 of the Federal Rules of Civil Procedure preserves the right of trial by jury

---

[1] Plaintiff exhausted all administrative remedies prior to filing a cause of action in federal court. (Doc. 47 ¶ 2).

as declared by the Seventh Amendment to the Constitution ..." <u>Mega Life and Health Ins.</u>

<u>Co. v. Pieniozek</u>, 585 F.3d 1399, 1403 (11th Cir. 2009).   Subsection (b) provides that,

> On any issue triable of right by a jury, a party may demand a
> jury trial by: (1) serving the other parties with a written demand
> – which may be included in a pleading – no later than 14 days
> after the last pleading directed to the issue is served; and (2)
> filing the demand in accordance with Rule 5(d).

FED. R. CIV. P. 38(b).   Subsection (d) cautions litigants that a party may waive this right

by failing to file a timely demand.   FED. R. CIV. P. 38(d).   Pleading amendments that do

not introduce new issues "do not renew a party's right to demand a jury trial."   <u>Mega Life</u>,

585 F.3d at 1404; <u>La Marca v. Turner</u>, Case No. 82-8196-CIV-PAINE, 1986 U.S. Dist.

LEXIS 31162, at *9-10 (S.D. Fla. Jan. 8, 1986).   "If the amended complaint raises new

legal issues, the plaintiff would have a right to demand a jury trial on the new issues

raised, even if no general demand is made for a jury trial in the initial complaint."

<u>Jackson v. Airways Parking Co.</u>, 297 F. Supp. 1366, 1383. (N.D. Ga. 1969); <u>La Marca</u>,

1986 U.S. Dist. LEXIS 31162, at *9-10.   "The term 'new issues' has been interpreted to

mean new issues of fact, not new theories of recovery."   <u>Mega Life</u>, 585 F.3d at 1404.

Defendant argues that the Court should strike Plaintiff's jury demand from the TAC

because it was omitted from the earlier versions of his complaint, and the TAC fails to

raise any new issues that would revive Plaintiff's previously waived right to a jury.   (Doc.

63).   Plaintiff opposes the motion on the ground that the TAC "raises new issues of fact,

not pled in any of Plaintiff's prior pro se complaints ..." (Doc. 65 at 2).

Plaintiff filed his original complaint and two amendments as a *pro se* litigant.   <u>See</u>

(Docs. 1, 3, and 20).   None of these complaints includes a jury demand.   On February

20, counsel appeared for Plaintiff and filed the TAC.   <u>See</u> (Doc. 45, 47).   Plaintiff argues

that the TAC raises a new factual issue that was not pled in his previous complaints:

"that Plaintiff's termination in December 2009 was the direct and proximate result of his

having engaged in protected conduct in October 2009, while he was still in the employ of

the Federal Air Marshal Service, as well as having engaged in protected conduct in 2006

as previously pled."   (Doc. 65 at 2).

     After reviewing the earlier iterations of Plaintiff's complaint, I find that the TAC does

not introduce a new legal issue.   While the TAC alleges additional incidents of retaliation,

Plaintiff's central allegation that "[d]uring [the time period of July 2002 through December

2009], Plaintiff Steve P. Theodoropoulos was subject to hostile work environment,

retaliation, and his prior EEO activity against his Proposing Official in 2006-2009" remains

unaltered.   (First Amended Complaint, Doc. 3 at 1; Second Amended Complaint, Doc. 20

at 1-2).   Accordingly, Defendant's motion to strike (Doc. 66) is **GRANTED**.   Plaintiff

advises that he intends to move for a jury trial pursuant to Federal Rule of Civil Procedure

39(b).   <u>See</u> (Doc. 65, 3-4).   Plaintiff shall have **until October 9, 2014** to file any such

motion with the court.

     **DONE** and **ORDERED** in Orlando, Florida on September 26, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record